## BABBERT v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2582.   Decided Feb 4, 1936

Ballard & Hensel, Columbus, for plaintiff in error.

Donald J. Hoskins, Pros. Atty., Columbus, and Ralph J. Bartlett, Asst. Pros. Atty., Columbus, for defendant in error.

## OPINION

By HORNBECK, J.

Error is prosecuted to a judgment of the trial court entered on a verdict of guilty returned against the plaintiff in error, defendant below, on a charge of manslaughter. The indictment was grounded upon the charge that the defendant had unlawfully, by means of an automobile, killed one Cecil Michael by striking him as he was alighting at Welsh Avenue from a street car moving south on Parsons Avenue in the City of Columbus.

Three errors are asserted:

(1) In the impaneling of the jury whereby incompetent persons were permitted to sit thereon;

(2) In charge of the court.

(3) The verdict was against the manifest weight of the evidence.

The first ground of error must be considered in relation to the refusal of the court to sustain a challenge for cause interposed by counsel for defendant to a prospective juror, Mrs. Rebecca Hodge.

The voir dire examination of Mrs. Hodge is before us as is the voir dire examination of another prospective juror, Mrs. Okla W. Stout, to whose service challenge for cause had been made and overruled, followed by a peremptory challenge on behalf of the defendant. The action of the court touching the challenge for cause to Mrs. Stout is not pertinent because she was excused on the last peremptory challenge which the defendant had the right to exercise. It is necessary, however, to give attention to the action of the court respecting the challenge for cause to Mrs. Hodge because the defense was without further peremptory challenge to exclude her. Early in the examination of this prospective juror on inquiry by Mr. Bartlett, Assistant Prosecutor, questions were propounded and answers made as follows:

"Q. Do you have an opinion as to his guilt or innocence now; either way? A. Well, I would think he was guilty.

Q. You would think he was guilty; and you don't know anything about the facts in the case? A. No, I don't know anything about it. It is the first I ever heard of it."

The examination continued and it developed that Mrs. Hodge knew nothing whatever about the facts in the case, knew none of the parties, and later insisted that she had no opinion as to the guilt of the defendant. Upon inquiry by one of counsel for defense Mrs. Hodge was further questioned respecting her statement that she would think the defendant guilty. It developed that her answer was made under a misapprehension of fact. At the conclusion of her examination Mr. Hensel of counsel for the defendant said: "Well, I think for the record I will challenge for cause, although I will be overruled, and note an exception." The court overruled the challenge for cause and both parties indicating satisfaction with the juror, the jury was sworn.

Counsel urge that notwithstanding the explanation by the prospective juror of the answer which would have disqualified her, it fairly appears that she was probably prejudiced against the defendant. They recognize of course, the rule that although a prospective juror may have an opinion as to the guilt or innocence of defendant, if in the language of the statute, "such juror says that he can render an impartial verdict on the evidence, the court may admit him as competent to serve as a juror in such cause." If it could be inferred at the conclusion of the queries to Mrs. Hodge that she had at any time an opinion as to the guilt of the defendant, the court resolved all of the inquiry in favor of the conclusion that notwithstanding, she could serve impartially. This conclusion bears the presumption of regularity and correctness and we would not be disposed to disturb it. **Lindsey v State, 69 Oh St, 215.** However, a fair analysis of the whole examination of Mrs. Hodge is convincing that the objectionable statement of opinion which she made early in her examination was given inadvertently. We are satisfied that no prejudicial error resulted in refusing to sustain the challenge for cause directed to Mrs. Hodge.

The second claimed error relates to an instruction given by the trial court to the jury. When the jury at 12:10 o'clock P. M. on the day that the cause had been submitted to it for consideration, was returned to the jury box, the following occurred:

"THE COURT: Members of the Jury, have you been able to arrive at a verdict yet?

THE FOREMAN: We have not, Your Honor.

THE COURT: Without expressing in any way how you stand on the matter, I want to ask you whether you think continuous deliberation would result in a verdict in

this case; unanimous agreement one way or the other.

THE FOREMAN: So far, I don't think so, Your Honor.

THE COURT: Do you desire to deliberate further, now, members of the jury, or to be sent to lunch? The court can't excuse you for lunch and allow you to separate, but we will have to send you over to the hotel for your dinner in charge of the bailiff, and an officer of the court.

The court feels that you should deliberate further in this case in an attempt to reach a verdict.

Members of the Jury, you will be conducted over to the Southern Hotel for your lunch at this time, and Mr. Hasson, the bailiff of the court and Mr. Palmer will accompany you. And you will bear in mind the admonition which the court has given to you before not to talk about this case outside to anybody, or permit anybody to communicate with you with reference to it; and you will return here at 1:45, probably, and continue your deliberations and attempt to reach a verdict. It is your duty in this case to reach a verdict if possible, and we want you to have full opportunity to consider the matter, confer with each other on your return, so that you will be able to reach a verdict. It is important that these cases be finally decided one way or the other, as the consequent new trials are expensive to the county; and it is important that you use every possible means at your disposal to reach a verdict under the instructions which the court gave to you.

MR. BALLARD: Note an exception to the remarks of the court to the jury."

It is urged that the effect of what the court said to the jury was coercive, unduly influencing its action after statement that its members in probability would not be able to agree upon a verdict. It has always been recognized as the obligation of a court to assist within all reasonable limitations in bringing about a verdict of a jury. The most unsatisfactory result in a jury trial is a disagreement. So long as the court does not interfere with the free exercise of the juror's prerogative to pass independently upon the ultimate question of fact, there is no invasion of his province. The court very carefully reserved to the jury "full opportunity to consider the matter, confer with each other on your return, so that you will be able to reach a verdict." The only language which could

in any wise be questionable is "as the consequent new trials are expensive to the county." Every juror knew that this statement was true and the effect of restatement does not appear to be offensive to the statute in that it may have affected the defendant's cause to his disadvantage.

Upon the whole we are satisfied that no prejudicial error intervened by the instruction of the court. Though the language employed has not been specifically approved in Ohio, Dussell v R. R., 8 N. P., 622, affirmed without opinion, 52 Oh St, 649, it has been elsewhere. 39 O. Jur., p. 1075, citing Ann. Cases, 1912 D, 446. The cases— several of which were criminal prosecutions, support the text.

The final claim is that the verdict was against the manifest weight of the evidence. We have read this record with care and are definitely of the opinion that the jury reached a verdict well supported upon the evidence. All of the claims of the state with the exception that Michael was struck by the front of defendant's automobile are supported by the physical facts. Whether or not he was struck by the front of the automobile does not in any way require a change in the determination that he is guilty. The most convincing testimony in behalf of the defendant is that which relates to his good reputation prior to the time of the commission of this offense. Properly this had nothing whatever to do with his guilt or innocence of the crime charged except as it might reflect on his credibility. The time to give consideration to his good character was when the trial court imposed sentence. The jury was well within its province in finding that the defendant, with utter, reckless, disregard of the rights of Michael, drove at an excessive rate of speed up to and around a street car which he had every reason to expect was about to stop, that he struck Michael with terrific force hurling or carrying him a distance of some 60 feet, that he then proceeded a distance of more than 100 feet, struck an automobile, swerved to the opposite side of the street, moved 75 feet further, a distance in all of 240 feet from the street car, upset and his car burned. Even upon defendant's own testimony the jury could have found that he was violating §12603, GC, which resulted in Michael's death. It follows that we can not say that any of the claims of error are established. The judgment will therefore be affirmed.

BARNES, PJ, and BODEY, J, concur.